RIPPLE, Circuit Judge
(Concurring).
I join without reservation the clear and comprehensive opinion of the court. Unquestionably, after Hudson, the exclusionary rule is not an appropriate remedy for violations of the knock-and-announce rule. Nor is it an appropriate remedy if a court should determine that the manner in which a warrant was executed violated the reasonableness requirement[5] of the Fourth Amendment. I write separately only to emphasize that the confluence of the rule we announce today and the prevailing methodological approach to the resolution of qualified immunity issues raises the significant possibility that conscientious law enforcement officers will be deprived of needed judicial guidance concerning the manner in which warrants must be executed.
Today’s decision makes it clear that criminal trials, and appeals from those proceedings, rarely will yield judicial determinations about the reasonableness of the force employed in the execution of the warrant. Such determinations therefore will occur most frequently in the adjudication of civil actions brought under 42 U.S.C. § 1983 or under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In most, although not all, the defense of qualified immunity will be available. In such cases courts now are authorized to decide the qualified immunity issue without reaching the constitutional question. See Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). In Pearson, the Court made clear that the two-step sequence for resolving government officials’ qualified immunity claims, previously formulated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001),[6] *116 should not be regarded as an inflexible requirement. Id. It is now permissible for a court to determine that considerations such as judicial economy and the danger of premature constitutional adjudication counsel against resting its decision on constitutional grounds. Id. Instead, the court first may determine that, at the time they acted, the defendants’ actions did not violate settled constitutional principles.
As the Court noted in Pearson, however, despite this new flexibility in approach, reaching the constitutional question “is often appropriate” and “often beneficial.” Id. Indeed, the Court emphasized that “the Saucier Court was certainly correct in noting that the two-step procedure promotes the development of constitutional precedent and is especially valuable with respect to questions that do not frequently arise in cases in which a qualified immunity defense is unavailable.” Id.; see also Jones v. Byrnes, 585 F.3d 971, 978-80 (6th Cir. 2009) (Martin, J., concurring).[7] Cases involving the manner in which a search warrant is executed certainly fall within this description. One might argue that the constitutionality of a particular search or seizure is “so factbound that the decision provides little guidance for future cases,” Pearson, 555 U.S. at 237, 129 S.Ct. 808, and therefore it serves no useful purpose to address the constitutional issue. However, Fourth Amendment principles concerning reasonableness in the execution of a warrant, no less than the legal rules for probable cause and reasonable suspicion, “acquire content only through application.” Ornelas v. United States, 517 U.S. 690, 697, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (holding de novo review appropriate for determinations of probable cause and reasonable suspicion). This case-by-ease adjudication will not, and need not, yield “ ‘a highly sophisticated set of rules, qualified by all sorts of ifs, ands, and buts ... [which is] literally impossible [to apply] by the officer in the field.’ ” New York v. Belton, 453 U.S. 454, 458, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), abrogated on other grounds by Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), (quoting LaFave, “Case-By-Case Adjudication” versus “Standardized Procedures": The Robinson Dilemma, 1974 Sup.Ct. Rev. 127, 141 (1974)) (internal quotation marks omitted). It can develop, however, a body of law to provide meaningful guidance that will benefit both law enforcement officers and civilians. Cf. Baird v. Renbarger, 576 F.3d 340, 344 (7th Cir.2009) (electing to use the Saucier approach in an excessive force case).
By contrast, a judicial approach that, as a matter of course, does not reach the underlying constitutional issue will deprive conscientious officers of the guidance necessary to ensure that they execute their responsibilities in a manner compatible with the Constitution. Here, an incomplete constitutional landscape can present a practical problem of governance of significant proportions. “When a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority.” Belton, 453 U.S. at 459-60, 101 S.Ct. 2860. “If ... constitutional rights are to function as operational limits on government rather than mere figures of rhetoric, there must be an adequate structure of enforcement.” *117 John C. Jeffries, Reversing the Order of Battle in Constitutional Torts, 2009 Sup. Ct. Rev. 115, 117 (2009) (emphasis in original).

. See United States v. Ramirez, 523 U.S. 65, 71, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998).

. Under Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), a court faced with a qualified immunity defense had to decide (1) whether the facts alleged or shown by the plaintiff made out a violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant’s alleged misconduct.

. Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), acknowledged that in such a situation — where the constitutional issue might escape resolution indefinitely — a court well might determine that the importance of providing needed constitutional guidance outweighs rigid adherence to the general counsel of avoiding, when possible, constitutional pronouncements.